# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

THOMAS E. CAMPBELL

VERSUS

CITY OF BATON ROUGE, PARISH
OF EAST BATON ROUGE

OCTOBER 24, 2025

In Re:    City of Baton Rouge/Parish of East Baton Rouge, applying
          for supervisory writs, 19th Judicial District Court,
          Parish of East Baton Rouge, No. 695811.

BEFORE:    McCLENDON, C.J., THERIOT, PENZATO, EDWARDS AND
BALFOUR, JJ.

WRIT GRANTED. The trial court's February 5, 2025 judgment denying the motion for summary judgment filed by defendant, the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), is reversed. Under La. R.S. 9:2800, in order to prove a public entity is liable for damages caused by a thing, plaintiff must establish: custody or ownership of the defective thing by the public entity; the defect created an unreasonable risk of harm; the public entity had actual or constructive notice of the defect; the public entity failed to take corrective action within a reasonable time; and causation. See **Robinson v. Pointe Coupee Par. Sch. Bd.**, 2023-0215 (La. App. 1st Cir. 2/21/24) 2024 WL 702600 at *4 (unpublished). Failure to meet any one of these statutory requirements will defeat a claim against a public entity. **Id.** Plaintiff, Thomas E. Campbell, argued constructive notice asserting the City/Parish would have noticed the condition at issue if it had conducted reasonable inspections of the bike path. Constructive notice exists when the defect or condition has existed for such a period of time that it would have been discovered and remedied had the public body exercised reasonable care. **Racca v. St. Mary Sugar Cooperative, Inc.**, 2002-1766 (La. App. 1st Cir. 2/23/04), 872 So.2d 1117, 1126, writ denied, 2004-0698 (La. 5/7/04), 872 So.2d 1083. However, the City/Parish's duty to use reasonable care in maintaining its public ways does not encompass conducting periodic inspections . . . and the failure to conduct such inspections does not imply knowledge of a dangerous defect. See **Jones v. Hawkins**, 98-1259 (La. 3/19/99), 731 So.2d 216, 220. Furthermore, the failure to conduct inspections does not impute to the City/ Parish constructive knowledge of defects in its public ways. See **Id.** We find plaintiff failed to carry his burden of producing factual support sufficient to establish the existence of a genuine issue of material fact as to the element of actual or constructive notice. Accordingly, the motion for summary judgment is granted, and plaintiff's claims against defendant, the City of Baton Rouge/Parish of East Baton Rouge, are dismissed with prejudice.

**PMc**
**MRT**
**AHP**

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

**Edwards and Balfour, JJ.,** dissent and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT